


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 10, 2018

**BY CM/ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. David Chukwuneke Adindu*, S13 16 Cr. 575 (PAC)

Dear Judge Crotty:

    The Government respectfully submits this letter in opposition to the *pro se* "Motion for Smith's Departure for Substantial Hardship and Arduous Prison Conditions" (Docket No. 65) submitted by Defendant David Chukwuneke Adindu (the "Defendant'). In his motion, the defendant requests that the Court resentence the defendant to a lower sentence in light of allegedly arduous prison conditions and substantial hardships that he is experiencing as an inmate at CI Rivers, a contracted correctional institution operated by a private corporation. For the following reasons, the Court should deny the defendant's motion.

    At the outset, the Court should deny the defendant's motion as procedurally improper. Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment is a "final judgment" with very limited exceptions. These exceptions include modifications or corrections of sentences pursuant to Federal Rule of Criminal Procedure 35 or 18 U.S.C. §§ 3582(c) or 3742. But the defendant has not suggested that he qualifies for a reduction in sentence under any of these provisions. None of them appear to provide for a sentence reduction on the basis of arduous prison conditions. Rather than citing any of the exceptions listed in § 3582(b), the defendant seeks relief under the D.C. Circuit's decision in *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). In *Smith*, the D.C. Circuit held that sentencing courts were entitled to consider probable conditions of confinement in justifying a downward departure from a particular Guidelines range. *Id.* at 651. But *Smith* provides no relief to the defendant, who did not raise this argument at sentencing and whose judgment has already become final. Now that the defendant's judgment is final, he can only seek relief under one of the exceptions listed in § 3582(b), none of which appear to apply here.

    In any event, the Court should also reject the defendant's request for a sentence reduction because it is waived by the appeal waiver provision in the defendant's plea agreement. The plea

Hon. Paul A. Crotty
Page 2

agreement stipulated that the defendant's guidelines range was 97 to 121 months' imprisonment. Relevant here, the plea agreement also contained the following appeal waiver provision:

> It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 97 to 121 months' imprisonment and (ii) that the Government will not appeal a sentence within or above the stipulated Sentencing Guidelines range.

(Plea Agreement at 4). The defendant was sentenced to 41 months' imprisonment, which is below the Stipulated Guidelines Range of 97 to 121 months' imprisonment. Having received the benefits of the plea agreement, the defendant cannot now collaterally challenge the conditions on which those benefits were premised. *See Frederick* v. *Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) (explaining that a defendant's knowing and voluntary waiver of the right to file a Section 2255 motion is generally enforceable); *United States* v. *Blackwell*, 2016 WL 3190569, No. 15-1031 (June 1, 2016) (summary order) (holding that defendant waived any collateral attack to his stipulated Guidelines calculations based on *Johnson*); *United States* v. *Simmon*, 13 Cr. 855 (PGG), 2015 WL 4557453 (S.D.N.Y. July 28, 2015) ("Having stipulated in his plea agreement that his 2005 second degree robbery conviction is a 'crime of violence,' Petitioner cannot argue to the contrary now.").[1]

---

[1] To the extent that he seeks to challenge the conditions of his confinement, the Court should find that the defendant has failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted."); *Feaster v. U.S. Bureau of Prisons*, 37 F. App'x 15, 16-17 (2d Cir.2002) ("Furthermore, we find that as the Bureau of Prisons had available administrative avenues for complaints of this type, Feaster was bound under 42 U.S.C. § 1997e(a) to exhaust those remedies before petitioning the courts for relief.")

Hon. Paul A. Crotty
Page 3

      For these reasons, the Court should deny the defendant's *pro se* "Motion for Smith's Departure for Substantial Hardship and Arduous Prison Conditions".

                                          Respectfully submitted,

                                          GEOFFREY S. BERMAN
                                          United States Attorney for the
                                          Southern District of New York

                                By:   /s/ Andrew K. Chan
                                          Andrew K. Chan
                                          Assistant United States Attorney
                                          (212) 637-1072

cc:     Defendant David Chukwuneke Adindu (by mail)