USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
: 
UNITED STATES OF AMERICA : **OPINION & ORDER**
: 
v. : 16 Cr. 575 (PAC)
: 
DAVID CHUKWUNEKE ADINDU :
: 
: 
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant David Chukwuneke Adindu pleaded guilty to an Information charging him with: (1) conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; and (2) conspiracy to use means of identification in connection with a federal crime in violation of 18 U.S.C. § 1028(f). ECF 17, 29. His plea agreement stipulated to a guidelines range of 97 to 121 months of imprisonment; and provided that he would neither appeal, nor collaterally attack a sentence that is within or below the guidelines range. ECF 33. On December 14, 2017, Adindu was sentenced to 41 months of imprisonment. ECF 41.

On April 30, 2018, Adindu submitted a *pro se* request that he be resentenced to a lesser term on the grounds that his prison condition are arduous and that he is experiencing substantial hardship at CI Rivers, a contracted correctional facility operated by a private corporation. ECF 65. Adindu's motion is **DENIED**.

## DISCUSSION

Adindu is a citizen of the Republic of Nigeria and he is likely to be deported when his prison term ends. He seeks a sentence reduction under *U.S. v. Smith*, which held that a downward departure from a guidelines sentence "may be appropriate where the defendant's

1

status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." 27 F.3d 649, 655 (D.C. Cir. 1994). He is not entitled to relief.

*First*, the motion has no basis in law. *Smith* does not create a right to seek modification or correction to his sentence. *Smith* merely permits a sentencing court to consider at sentencing "a fortuitous increase in the severity" of a sentence due to a defendant's "status as a deportable alien". *Smith*, 27 F.3d at 655. In any event, Adindu was sentenced well below the guidelines.

*Second*, the motion for a sentence modification might have been procedurally proper had it been brought under 18 U.S.C. § 3582(c); but would have failed in any event.[1] As noted by the Government, the imposed term of imprisonment is a final judgment that cannot be modified or corrected unless one of the narrow statutory exceptions applies. *See* 18 U.S.C. §§ 3582(b), (c); 18 U.S.C. § 3742. But none of the exceptions under 18 U.S.C. § 3582(c) is applicable here: none of them permits Adindu to seek a sentence reduction based on arduous prison conditions and substantial hardship. Besides, Adindu had waived his right to "seek a sentence modification under 18 U.S.C. § 3582(c), of any sentence within or below the Stipulated Guidelines Range of 97 to 121 months' imprisonment". Plea Agreement at 4. This waiver is presumptively enforceable. *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).

## CONCLUSION

Adindu's motion is denied. The Clerk of Court is directed to terminate the motion at ECF 65.

Dated: New York, New York  
June 25, 2018

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY  
United States District Judge

---

[1] As Adindu is proceeding *pro se*, the Court liberally construes his motion to raise the strongest arguments that it suggests. *See Barbarino v. United States*, 2017 WL 1378251, at *6 (S.D.N.Y. 2017). Also in that spirit, the Court suggests that Adindu pursue his administrative remedies to challenge existing prison conditions.

2